IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

                                              No. 13-cr-30093-DRH

DANIEL C. SHAW,

    Defendant.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

This matter comes before the Court on defendant Shaw's Motion for Modification of Release (doc. 47) and the government's Motion to Dismiss the same (doc. 49). Defendant asks the Court to alter or strike numerous of the conditions imposed on him during his September 4, 2014 sentencing for counts of transportation and possession of visual depictions of minors engaged in sexually explicit conduct. In turn, the government seeks the Court dismiss defendant's motion for modification (doc. 49), arguing that defendant knowingly and voluntarily waived his right to contest any aspect of his sentence when he entered into a sentencing agreement on August 28, 2014 (doc. 41). Based on the following, both motions are **DENIED.**

    **a. Government's Motion to Dismiss Defendant's Motion for Modification of Release**

As defendant points out, as a general proposition a district court may modify conditions of supervised release at any time under 18 U.S.C. § 3583(e)(2). *United States v. Neal*, 810 F.3d 512, 516 (7th Cir. 2016). Section 3583(e)(2) provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> **(2)** extend a term of supervised release if less than the maximum authorized term was previously imposed, and ***may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release***, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision

18 U.S.C. § 3583(e)(2) (emphasis added).

Accordingly, defendant is correct that this Court may modify his conditions of release at any time and the government's motion to dismiss (doc. 49) is **DENIED.**

### b. Defendant's Motion for Modification of Release

The references above in section 3583(e) to portions of section 3553(a)[1] "incorporate, for purposes of decisions to modify conditions of supervised release, nearly all of the original sentencing goals, excepting only the need for a sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment, and the directive to consider the 'kinds of sentences

---

[1] 18 U.S.C. § 3553(a) refers to Factors to be Considered in Imposing a Sentence.

available.'" *Neal*, 810 F.3d at 516. With that in mind, the Courts turns to each of the conditions of supervised release defendant requests modifying.

1. **Sex Offender Therapy**

Defendant is incorrect when he states that the undersigned orally renounced the condition that defendant submit to sex offender assessment and if deemed necessary, to comply with sex offender-specific treatment. Doc. 47 at 2. To the contrary, those conditions were made a part of his conditions of supervised release and the Court is unwilling to modify those conditions now. *See* doc. 42 at 2 ("defendant shall submit to a sex offender assessment and if recommended in the assessment, comply with sex offender-specific treatment"). The undersigned is not in a position to know if defendant will need such treatment or not and this reasoning is why an evaluation is ordered first and treatment second if it is determined defendant needs it.

Further, the mandates in these sex offender therapy-related conditions are necessary to deter against defendant committing the same and/or similar crimes again in the future and in that regard, the conditions help protect the public. 18 U.S.C. § 3553(a)(2)(B)-(C). The Court **denies** defendant's request to remove this condition of supervised release.

2. **Financial Considerations**

Defendant seeks the Court to "reword" his condition of supervised release regarding applying certain monies to Court obligations. Doc. 47 at 2. Defendant argues that the condition is "unreasonable" and taken literally, would encompass

3

"all money taken in" by defendant. *Id*. The Court is unpersuaded by this argument. The financial provision included in defendant's conditions of supervised release is typical and drafted in a way to require defendant to use unexpected funds – not wages earned – to pay court-ordered financial obligations.

Additionally, concerning use of any unexpected funds, the Court and probation officer will examine the amount of the funds in relation to the nature of defendant's day to day cost of living to determine what amount of payment to the Court is appropriate. This satisfies defendant's concern that his ability to pay based on his overall finances be taken into regard.[2] Accordingly, the Court **denies** defendant's request to alter the condition addressing financial payments to Court obligations.

### 3. Camera Phone

Defendant argues that the condition of supervised release banning owning a cell phone capable of taking photos/videos is overbroad and bears no connection to his crimes. Doc. 47 at 3. Defendant either does not understand the need, or simply ignores the need, to deter him from committing the same or similar crimes in the future. *See* 18 U.S.C. § 3583(e)(2); 18 U.S.C. § 3553(a)(2)(B). Based on his prior criminal conduct involving transporting and possessing visual depictions of minors engaged in sexually explicit conduct, restricting access to a cell phone that has the ability to take, send, and receive visual media is a critical factor. Defendant's protest that all cell phones have that capability and so the restriction

---

[2] The Court notes to defendant that this condition also requires him to notify his probation officer when the unexpected funds are received because it would be difficult for the probation officer to otherwise learn about their existence without defendant's communication.

4

prevents ownership of any cell phone model is incorrect. There are many cell phones on the market which allow a person to make calls but not take or receive photos. Thus, defendant's request to strike the condition is **denied.**

### 4. Forum Restriction

As part of his conditions of supervised release, defendant is banned from contacting minor females online. Defendant requests the condition be modified to avoid the possibility of overreach if incidental contact is made with a minor due to the anonymity of online interactions. Doc. 47 at 4. The Court will not amend the condition as written. Restricting the defendant from contacting underage females, again, goes to the crimes of offense in this case. The Court's intent is to deter defendant from re-offending and thus, a condition with which he must comply or fear the threat of re-incarceration for a violation is reasonable and proper. If any alleged offense occurs, the probation office and the Court will examine the facts surrounding the contact to determine if there is actually a violation rather than innocent accidental contact.

The request to alter the condition of supervised release restricting defendant from contact with underage females online is **denied.**

### 5. Polygraph Testing

Defendant argues that being required to submit to polygraph testing after completion of any sex offender treatment serves no penal purpose and deprives him of more liberty than is necessary. Doc. 47 at 4. The Court disagrees. Requiring polygraph examination when determined necessary by the probation

office is reasonable and proper following release from sex offender treatments where polygraphs are required from time to time to assess whether the offender has re-offended. Indeed, such testing is routinely utilized during sex offender treatment programs. This condition seeks to replace the polygraph capability following any potential treatment when such testing is otherwise no longer available. Accordingly, defendant's request to vacate or modify the condition is **denied.**

### 6. Third Party Searches

Defendant objects to the conditions of supervised release concerning searches of his person or property as he believes the condition is overbroad. Doc. 47 at 4-5. However, once again, the condition regarding searches is designed to protect the public (*see* 18 U.S.C. § 3553(a)(2)(C)) by giving defendant a reason to avoid re-offending since he will know that if his probation officer determines that reasonable suspicion exists that defendant has in fact re-offended, the probation officer may then take action to determine if there is evidence of such an offense. Regarding any portion of the condition concerning third parties, the same logic applies. Notice of the possibility of searches as part of defendant's supervised release need be given to other persons who choose to reside with defendant so that they can decide for themselves if they want to be subjected to a search to determine if defendant has secreted evidence or contraband among that person's property.

Consequently, this condition of supervised release falls squarely within the guidelines to consider laid out in 18 U.S.C. § 3553 and is imposed to further those considerations. Thus, defendant's arguments for altering or modifying the search condition is **denied.**

Based on the foregoing, defendant's motion for modification of release (doc. 47) is **DENIED** in its entirety.

**IT IS SO ORDERED.**

Judge Herndon
2018.09.13
14:45:45 -05'00'

United States District Judge